**In Re HELICOPTER CRASH NEAR ZACHARY, LOUISIANA, ON DECEMBER 9, 2004.**

**Charles E. Duke v. Rolls–Royce Corp., et al., S.D. Indiana, C.A. No. 1:06-1738**

**Charles E. Duke, et al. v. Rolls–Royce Corp., et al., W.D. North Carolina, C.A. No. 3:05-538**

**Aerial Solutions, Inc. v. Allison Engine Co., Inc., et al., W.D. North Carolina, C.A. No.3:07-7**

**No. MDL 1834.**

Judicial Panel on Multidistrict Litigation.

April 20, 2007.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA,* Judges of the Panel.

* Judge Scirica took no part in the decision of this matter.

## ORDER DENYING TRANSFER

**WM. TERRELL HODGES, Chairman.**

This litigation consists of two actions pending in the Western District of North Carolina and one action pending in the Southern District of Indiana. All actions arise out of a 2004 helicopter crash in Louisiana. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in the Southern District of Indiana action, who is also a plaintiff in one Western District of North Carolina action. This plaintiff seeks coordinated or consolidated pretrial proceedings of these actions in the Western District of North Carolina or, in the alternative, the Southern District of Indiana. Aerial Solutions, Inc., the remaining plaintiff in the Western District of North Carolina actions, supports the motion for transfer to the Western District of North Carolina. All but one defendant in the three actions have responded in opposition to the motion, basing their arguments on various grounds.[1] In the event the Panel orders transfer over their objections, all defendants opposing the motion would support transfer to the Southern District of Indiana.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization of these actions would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Proponents of centralization have failed to persuade us that any common questions of fact and law in this docket consisting of a minimal number of actions pending in only two districts are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. Alternatives to Section 1407 transfer exist, particularly given the low number of parties and counsel involved, that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

---

1. Rolls–Royce Corp.; Rolls–Royce North America, Inc.; Allison Engine Co., Inc., d/b/a Rolls–Royce Allison; Allison Engine Co.; General Motors Corp.; General Motors Corp., Allison Gas Turbine Division; General Motors Corp., Detroit Diesel Allison Division; Standard Aero, Ltd.; and Standard Aero, Inc.

